Nat H. Hentel, J.
At issue in this nonjury trial is whether the basic agreement between plaintiff and defendant is merely a lease of a 1971 Cadillac automobile; or, by virtue of paragraph 4 of the addendum to the lease agreement (which granted defendant an option to purchase the vehicle after 26 months), has it been converted into a lease coupled with a security interest within the purview of subdivision (3) of section 9-504 of the Uniform Commercial Code?
There is no dispute that defendant leased the Cadillac from plaintiff on March 10, 1971. Thereafter, and on or about April 28, 1972, after defendant defaulted in making three monthly leasing payments for February, March and April 1972, plaintiff repossessed the Cadillac. Without formal notice to defendant, plaintiff sold the said vehicle on May 11, 1972, pursuant to the terms of the lease agreement. Plaintiff now seeks judgment for the balance of the value of the vehicle sold for $3,900, plus various charges as authorized under the lease. The termination of lease damages totals $3,276.66 according to the proof.
The defendant has counterclaimed for $1,687 worth of personal merchandise and equipment claimed to have been in the vehicle at the time of repossession. Also, defendant claims $148.07 in damages for renting another vehicle following the repossession of the Cadillac. So much of the counterclaim as pertains to these items is dismissed, and judgment is rendered in favor of the plaintiff thereon. Defendant has failed to sustain her burden of proof with respect to these claims.
The remaining issue is whether the defendant has sustained her affirmative defense that she was entitled to formal notice of the sale before deficiency judgment could become operative against her under the lease.
*312 It is to be noted that defendant is an attorney who should know full well the implications of a lease, a conditional sale or a lease coupled with a security interest. Under all of the circumstances herein as revealed by the credible testimony and the documentary proof, the court finds the agreement between the parties clearly a lease pure and simple, which would not require plaintiff to furnish formal notice to defendant of a sale after repossession under subdivision (3) of section 9-504 of the Uniform Commercial Code.
Defendant can find little comfort in paragraph 4 of the lease agreement addendum which reads as follows: “ 4. Upon the return of the leased vehicle by the customer at any time after 26 months from the date of the commencement of the lease term for said vehicle, the customer upon written notice may at her option purchase said vehicle for the capitalised cost less total depreciation assuming 26 equal monthly payments have been made ” (emphasis supplied).
The court further notes: a) this was not a return of the vehicle after 26 months of leasing; b) defendant customer did not opt to purchase by written notice which could not have occurred in any event, until after the passage of 26 months (here, only 13 months had expired from inception of lease to repossession); and c) the purchase would have to be for the “ capitalized cost ” of the vehicle less depreciation which in this case, it is conceded by both parties’ testimony was a substantial sum in excess of $3,500, even if defendant had made the full 26 monthly payments. This, therefore, is not an insubstantial or nominal sum. Compare the language of subdivision (37) of section 1-201 of the Uniform Commercial Code, upon which defendant relies in her brief which defines the meaning of a “ security interest ” and states: “ Whether a lease is intended as security is to he determined hy the facts of each case; however, (a) the inclusion of an option to purchase (such as paragraph 4 of the lease addendum, supra) does not of itself malee the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease (there was no showing of such in this case) the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security (and thus within the purview of subdivision (3) of section 9-504 of the Uniform Commercial Code).” (Emphasis supplied.)
Thus, defendant’s additional counterclaim for $1,165, representing “ estimated damages from Avis’ resale of the vehicle below its market value ”, is also dismissed as not having been *313 proved by the fair preponderance of credible evidence adduced on behalf of the defendant, and as not being a reasonable and valid sale after repossession, in view of the sections of the Uniform Commercial Code above quoted and upon which defendant relies.
Judgment, accordingly, for the plaintiff for $8,276.66, representing $1,379.13 damages sustained by plaintiff under the lease, and for $1,897.53 representing unpaid monthly rental for three months, for registration fees, repossession costs, late charges, taxes and penalty for early termination of the lease. Interest on the judgment is additionally awarded from June 1,1972.